ACCEPTED
15-25-00061-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/24/2025 3:05 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00061-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/24/2025 3:05:45 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

**FRANCESCA OKONKWO, ADMINISTRATIVE LAW JUDGE, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, IN HER OFFICIAL CAPACITY and FORT BEND COUNTY,**
**Appellants,**
**v.**
**JOSHUA DAVID HEILIGER, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF LAUREN BRITTANE SMITH, DECEASED, AND ON BEHALF OF DEATH BENEFITS BENEFICIARIES JOSHUA DAVID HEILIGER AND EMMA DESTINY HEILIGER,**
**Appellees**

---

**ON APPEAL FROM TRIAL COURT CAUSE NO. 2024-78536**
**11 n-1 JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**
**THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE**

---

**APPELLANT FORT BEND COUNTY'S**
**MOTION TO STAY UNDERLYING PROCEEDINGS**

---

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas Bar No. 12986800
mmarkantonis@dgplawfirm.com

Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn G. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com

Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201
**COUNSEL FOR APPELLANT**
**FORT BEND COUNTY**

1

**APPELLANT FORT BEND COUNTY'S
MOTION TO STAY UNDERLYING PROCEEDINGS**

Appellant Fort Bend County requests the Court to stay the trial court proceedings in Cause No. 2024-78536 on file in the 11th District Court in Harris County, Texas,[1] and the administrative contested case hearing before the Texas Department of Insurance—Division of Workers' Compensation (Division) Houston East Office, under DWC Docket No. 24229142-01-CC-HE, styled *Lauren Smith vs. Fort Bend County* pending the resolution of this appeal.

## I. FACTS

Appellant is Fort Bend County. Appellee is Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Britanne Smith, Deceased and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger. Real Party in Interest is Greater Houston Psychiatric Associates, PLLC. Administrative Law Judge (ALJ) Francesca Okonkwo is also an Appellant in his matter.

On April 2, 2025, Judge Kristen Hawkins signed an interlocutory order, Order Granting Temporary Injunction and Setting Trial on Merits, which is the subject of

---

[1] Cause No. 2024-78536 is styled *In Re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Ema Destiny Heiliger, Petitioner, v. Texas Department of Insurance, Division of Workers' Compensation; Jeff Nelson, Commissioner, Texas Department of Insurance Division of Workers' Compensation, In His Official Capacity; Francesca Okonkwo, Administrative Law Judge, Texas Department of Insurance, Division of Workers' Compensation, in Her Official and Individual Capacities; and Greater Houston Psychiatric Associates, PLLC, Respondents.*

this proceeding. See Exhibit B, Order Granting Temporary Injunction and Setting Trial on Merits. The Trial Court granted a temporary injunction prohibiting Fort Bend County from enforcing a subpoena granted by the Division ALJ to obtain the medical records of Deceased Lauren Britanne Smith for use at a contested case hearing at the Division of Workers' Compensation. See Exhibit A, January 27, 2025 Subpoena.

The Trial Court also ordered a trial on the merits during the two-week period beginning on December 1, 2025. The Trial Court issued a Docket Control Order with specific discovery deadlines, including designating Plaintiff's experts and Defendant's experts, August 3, 2025, and September 2, 2025, respectively. See Exhibit C, Docket Control Order.

The Division administrative contested case hearing also is set still for August 7, 2025, at 8:30 a.m. for which Appellant sought the medical records. See Exhibit D, Division notice of contested case hearing on August 7, 2025.

If the administrative contested case hearing and the trial court case are not stayed, then the relief sought by Appellant will become moot thereby depriving Appellant of the right to seek relief on the issue of the Trial Court's jurisdiction that in turn directly affects the administrative workers' compensation proceeding.

On April 22, 2025, Appellant filed its Notice of Accelerated Appeal of the Order Granting Temporary Injunction and Setting Trial on Merits. On June 12, 2025,

3

Appellant filed its Brief and on June 20, 2025, with leave of this Court, Appellant filed its Amended Brief. Appellee's deadline to file their Response Brief is September 2, 2025. Appellant's deadline to file a Reply Brief will be on September 22, 2025. On a date unknown at this time, the case will be submitted to the panel and the amount of time that this Court will take to consider the appeal is unknown. However, it is unlikely that this appeal will be decided prior to the August 7, 2025, contested case hearing, the Trial Court discovery deadline or the December 1, 2025, trial date.

## II. ARGUMENT AND AUTHORITY

This Court has authority to grant a stay of the trial court proceedings and the administrative proceedings pending the resolution of a petition for writ of mandamus and the appeal of an interlocutory order. Tex. R. App. P. 29.3, 52.10.

A stay is warranted in this matter because Appellant is likely to prevail on its appeal and Appellant will suffer irreparable injury if the stay is not granted.

Appellant is seeking relief from this Court to prevent the Trial Court from exercising jurisdiction over a discovery issue before a workers' compensation administrative proceeding.

The Trial Court has exceeded its judicial authority by impermissibly interfering with the discovery process in a matter pending before the Texas Division of Workers' Compensation. In denying Fort Bend's Plea to the Jurisdiction and

4

enjoining the ALJ's deposition subpoena, the District Court is allowing the claimant in this workers' compensation dispute to forego the correct legal process at the administrative level in clear violation of the Texas Legislature's statutory scheme for conducting workers' compensation disputes. The Texas Legislature has granted exclusive jurisdiction to the Division to decide workers' compensation disputes in the first instance, which impliedly requires that the agency has whatever powers crucial to fulfill its express function. This power necessarily and statutorily includes the power to promulgate discovery. The Texas Workers' Compensation Act ("Act") specifically provides the process to enforce discovery subpoenas during a workers' compensation dispute. 28 Tex. Admin. Code § 142.12(g), Tex. Gov't Code § 2001.201.

The prescribed statutory provisions for enforcing a subpoena at a workers' compensation contested case hearing mandate that the ALJ or the party requesting the subpoena must seek a district court's permission to enforce a subpoena. *Id.* A district court's subject matter jurisdiction over administrative hearing subpoenas is not and cannot be invoked solely by the person subject to the subpoena or any other person affected by the subpoena - such as Mr. Heiliger. The Act requires the person affected by the subpoena to challenge the subpoena at the administrative level. *Id.* Once the challenge is made to the subpoena, the Act requires the ALJ or the party requesting the subpoena to proceed under Government Code § 2001.201 to seek

5

district court enforcement of the subpoena. This failsafe, which ensures the ALJ does not abuse her discretion, has not occurred in this matter. Accordingly, the District Court's subject matter jurisdiction has not been properly engaged.

This Motion seeks a stay of all the underlying proceedings in the Trial Court and at the Texas Department of Insurance—Division of Workers' Compensation so that upon resolution of this appeal, if Appellant prevails, it may seek to enforce the administrative subpoena.

If the underlying proceedings are not stayed, irreparable harm will occur. Appellant will be irreparably injured by being deprived its right to follow the legislatively dictated procedure to enforce an administrative subpoena. Appellant will be prejudiced by having to meet the Trial Court's deadlines. Appellant will be prejudiced by having to proceed with the contested case hearing. Appellant is seeking relief from this Court to determine whether the Trial Court has subject matter jurisdiction to hear a temporary restraining order/temporary injunction regarding an administrative subpoena. If Appellant must respond to discovery deadlines, proceed with the contested case hearing before the Division and the Trial Court's temporary injunction continues to trial, Appellant's appeal will be moot.

### III. PRAYER

For the foregoing reasons, the Appellant Fort Bend County requests this Court to stay the proceedings in the Texas Department of Insurance—Division of Workers'

6

Compensation, Houston East Office under DWC Docket No. 24229142-01-CC-HE and in the 11th District Court of Harris County, Texas under Cause No. 2024-78536.

Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC
By: */s/ Mary M. Markantonis*
Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas No.12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn J. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201

ATTORNEYS FOR APPELLANT
FORT BEND COUNTY

## CERTIFICATE OF CONFERENCE

I certify that on the 23rd and 24th days of July, 2025, I complied with Tex. R. App. P. 52.10(a) and I have conferred with opposing counsel for Francesca Okonkwo, Administrative Law Judge, Joshua Heiliger, Individually, et al, and Greater Houston Psychiatric Associates, PLLC in this case on the foregoing Motion to Stay Underlying Proceedings by email and they are unopposed.

*/s/ Mary M. Markantonis*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Stay Underlying Proceedings, including any and all exhibits, was served on counsel of record by using the Court's e-filing system and on The Honorable Kristen B. Hawkins via email to her Court Coordinator, Jackie Struss, on the 24th day of July 2025, addressed as follows:

***Via eFile through the electronic filing manager***
Russell L. Morris
Pablo A. Franco
Andrew W. Bruce
McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042
*Attorneys for Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, Appellee*

***Via eFile through the electronic filing manager***
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, Suite 1520
Houston, Texas 77002
James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
*Attorneys for Francesca Okonkwo, Administrative Law Judge in her official capacity, Appellant*

***<u>Via eFile through the electronic filing manager</u>***
La Veme Chang
511 Lovett Blvd.
Houston, Texas 77006
*Attorney for Greater Houston Psychiatric Associates, PLLC, Real Party in Interest*

<u>*/s/ Mary M. Markantonis*</u>



This deposition subpoena is issued in the name of the State of Texas.

**To:** Any Sheriff or Constable of the State of Texas or any other person authorized to serve and execute subpoena under 28 TAC §142.12 and Rule 176.5(a) of the Texas Rules of Civil Procedure.

**Instructions:** You are hereby commanded to summon the person named below to appear at the deposition of Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus and to produce and permit inspection and copying of the documents and/or tangible things in the possession, custody, or control of the person summoned, by producing the records to the court reporter at the deposition and/or delivering them to the requesting person at the address indicated.

**Summoned Person:** Dr. John Marcellus or the Custodian of Records for Dr. John Marcellus.

**Required Action:** To appear for the deposition and produce and permit inspection and copying of the designated documents or tangible things in the possession, custody, or control of the summoned person as described herein.

**Documents and/or Tangible Things to be Produced:** Medical Records from 01/01/2020 to the 04/01/2023 pertaining to Lauren Smith, (SS# xxx-xx-4261; Date of Birth: 10/18/1982).

**Location:** Office of Dr. John E. Marcellus, 4888 Loop Central Drive, Suite 510, Houston, TX 77081, Phone 713-346-1551, Fax: 713-346-1577.

**Date and Time:** February 24, 2025, at 10:00 a.m.

Lauren Smith v. Fort Bend County, Docket Number: 24229142-01, in the Texas Department of Insurance, Division of Workers' Compensation.

**Requested By:** Marilyn J. Allen, Dean Pappas Law Firm, 8588 Katy Freeway, Suite #100 Houston, Texas 77024, Telephone: 713-914-6200

**Sanctions Notice:** Failure of any person to comply with this deposition subpoena may result in sanctions under Section 415.021 of the Texas Labor Code. This deposition subpoena may be enforced through the provisions of Section 2001.201 of the Texas Government Code.

This deposition subpoena is issued under my official signature on, ___January 27___, 2025.

*Franca Okonkwo*
Administrative Law Judge
Texas Department of Insurance
Division of Workers' Compensation

**Proof of Service**

I acknowledge receipt of the above deposition subpoena on _January 29th, 2025_, and hereby state that the deposition subpoena was executed by personal service of a true and correct copy on said witness, on _February 10th, 2025_, at _1:15_ p.m.

Signature of Process Server

**EXHIBIT**

**A**

3/20/2025 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98704339
By: Anais Aguirre
Filed: 3/20/2025 3:29 PM

Pgs-5

CAUSE NO: 2024-78536

| | | |
|---|---|---|
| In re Joshua David Heiliger, Individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger *Petitioner*, | § § § § § § § § § § § § | IN THE DISTRICT COURT OF TINJX TRILX |
| v. | § § | |
| Texas Department of Insurance; Francesca Okonkwo, Administrative Law Judge; Greater Houston Psychiatric Associates, PLLC, et al. *Respondents.* | § § § § § § § § § § | 11TH JUDICIAL DISTRICT |
| Fort Bend County, *Intervenor* | § § § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY
## INJUNCTION AND SETTING TRIAL ON MERITS

TO THE HONORABLE JUDGE OF SAID COURT:

On this day, the Court considered Petitioner's Fourth Amended Verified Original Petition and Application Temporary Injunction ("Application") filed by Petitioner, Joshua David Heiliger, individually, and on behalf of the Estate of Lauren Brittane Smith, deceased, and on behalf of Death Benefits Beneficiaries Joshua David Heiliger, and Emma Destiny Heiliger.

Having considered the Application, the briefs filed by the parties, if any, and all evidence presented at the hearing before the Court, as well as taking judicial notice of the Court's file, the Court FINDS Petitioner's Verified Application for Temporary Injunction describes the alleged harm complained about and establishes t the claimed harm is imminent, that it is irreparable, and



**EXHIBIT**

**B**

**Page 1 of 5**

that Petitioner is without an adequate remedy at law, authorizing the Court to grant this order. The Court finds clear evidence, absent immediate restraint, Petitioner will suffer imminent and irreparable injury, and that these risks are imminent because the harm sought to be avoided relates to the disclosure of privileged and confidential records.

Specifically, the Court finds that:

(1) Petitioner has asserted valid causes of action against Respondents;

(2) Petitioner has demonstrated a probable right to relief or recovery; and

(3) If not restrained, Respondents will, in all likelihood, continue their actions against Petitioner, which will probably cause immediate and irreparable injury, for which there is no adequate remedy at law, including the impairment or loss of statutory and constitutional rights and privileges, and that remedy by appeal would be ineffective because, once revealed, the documents, and information contained therein, cannot be subsequently protected; and,

(4) That any resulting damages from an improper disclosure cannot be measured by any pecuniary standard.

Accordingly, the Court finds it necessary to preserve the status quo and safeguard Petitioner from imminent and irreparable harm by issuing this temporary injunction order against Respondents.

IT IS FURTHER THEREFORE ORDERED that a temporary injunction issue, and shall be effective and binding upon the signing of this order, without the need for issuance or service of a writ of injunction, pending trial of this cause on the merits, or the dismissal of this lawsuit as a result of this lawsuit as a result of settlement or release, or further order of this Court restraining ~~Respondents Okonkwo and~~

Greater Houston Psychiatric Associates, PLLC, as well as any individuals or entities in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, as follows:

(a) Disclosing, in any manner, Lauren Smith's mental health records containing privileged communications, or the privileged communications contained therein, from Greater Houston Psychiatric Associates, PLLC, and/or Dr. John Marcellus;

(b) Enforcing, attempting to enforce, or complying with, the order(s) and subpoena(s) issued by Respondent Okonkwo dated September 19, 2024, October 30, 2024, or January 27, 2025, compelling or ordering the inspection, copying, production, or disclosure of Lauren Smith's privileged mental health records.

IT IS FURTHER ORDERED that, in lieu of requiring Petitioner to execute and file a new bond for issuance of the temporary injunction, the $500.00 cash deposit filed by Petitioner and accepted by the Harris County District Clerk on or about November 13, 2024, in connection with the Temporary Restraining Orders signed in this lawsuit is hereby deemed extended in conformity with the law to the period during which the Temporary Injunction is in effect.

IT IS FURTHER ORDERED that this injunction shall remain in force and effect until further order of the Court. Trial on the merits in this matter is set for Dec. 1, 2025 the two-week docket starting on at a.m./p.m. which is a trial date more than ten (10) months from the date of the original filing of this proceeding.

Signed: 4/2/2025

_Judge's Signature_

Respectfully submitted,

/s/ Russell L. Morris
Russell L. Morris
State Bar No. 24099150
Andrew W. Bruce
State Bar No. 24113627
Pablo A. Franco
State Bar No. 24121625
MCBRYDE FRANCO, PLLC
11000 Richmond Avenue, Suite 350
Houston, TX 77042
(713) 223-7699
(512) 691-9072 [facsimile]
serv.russell@mf-txlaw.com

**ATTORNEYS FOR PETITIONER**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document to which this certificate is attached was served, prepaid and/or facsimile and/or EFILE, on the date below upon each listed party or, if of record in this cause, that party's named attorney of record at the respective last known address as follows:

**VIA E-FILE:**
Lisa M. Teachey
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, TX 77024
lteachey@dgplawfirm.com

**ATTORNEY FOR INTERVENOR**

**VIA E-FILE:**
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, #1520
Houston, TX 77002
Sherlyn.harper@oag.texas.gov

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, TX 78711-2548
james@brazell@oag.texas.gov

**ATTORNEYS FOR RESPONDENT,**
**FRANCESCA OKONKWO,**
**ADMINISTRATIVE LAW JUDGE**

**VIA E:FILE:**
LaVerne Chang
Suzan Cardwell
Cardwell & Chang, PLLC
511 Lovett Blvd.
Houston, TX 77006
chang@cardwellchang.com
cardwell@cardwellchang.com

**ATTORNEYS FOR RESPONDENT,**
**GREATER HOUSTON PSYCHIATRIC**
**ASSOCIATES, PLLC**

Date: March 20, 2025            */s/ Russell Morris*_____
                                      Russell Morris

HEILIGER, JOSHUA (INDIVIDUALLY                    \*                IN THE DISTRICT COURT OF

vs.                                               \*                HARRIS COUNTY, TEXAS

TEXAS DEPARTMENT OF INSURANCE                     \*                11th JUDICIAL DISTRICT
                                                  \*

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

1.              **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

2.              **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

(a) 8/3/2025    Experts for parties seeking affirmative relief.
(b) 9/2/2025    All other experts.

3. 11/17/2025   **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

4. 11/1/2025    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

5.              **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

(a)             No-evidence motions for summary judgment may only be heard after this date.
(b) 11/3/2025   All dispositive motions or pleas must be heard.

6. 11/3/2025    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

7.              **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

8. 11/14/2025   **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: 09:00 AM. Failure to appear will be grounds for dismissal for want of prosecution.

9. 12/1/2025    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

**EXHIBIT**

**C**

SIGNED    Signed: 2/18/2025

LISA MARIE TEACHEY                                **KRISTEN BRAUCHLE HAWKINS**
8588 KATY FREEWAY SUITE 100       24056416       **JUDGE, 11TH DISTRICT COURT**
HOUSTON, TX 77024                                **Date Generated: 2/18/2025**        JCVO02


**Injured employee:** LAUREN SMITH
**DWC claim/docket #:** 24229142-01-CC-HE
**Date of injury:** 04/10/2023
**Employer:** Fort Bend County
**Insurance carrier:** Fort Bend County
**Insurance carrier claim #:** 6000068
**Date:** 6/4/2025

RECEIVED

JUN 4 2025

Dean G. Pappas Law Firm, PLLC

Fort Bend County
301 Jackson St
Richmond, TX 77469-3108
Box Nbr: 29

## Your contested case hearing is rescheduled.

The hearing that was scheduled with the Texas Department of Insurance, Division of Workers' Compensation (DWC) for 6/9/2025, at 10:30 a.m. is changed to the date, time, and place below.

| | |
|---|---|
| **You must go to the hearing on 8/7/2025, at 8:30 a.m., Central time.** (The employer is not required to attend unless it filed the dispute.) | |
| **Your hearing will be held at:** | **Place: Division of Workers' Compensation**<br><br>**TDI-DIV. WORKERS' COMPENSATION**<br>**5425 POLK, SUITE 130**<br>**ELIAS RAMIREZ BUILDING**<br>**HOUSTON, TX 77023**<br>**(800) 252-7031** |

## Need help?

- Go to www.tdi.texas.gov/wc/employee/dispute.html to learn more about dispute resolution.
- If you want an attorney and need help finding one, call the **State Bar of Texas** at 800-252-9690.
- If you do not have an attorney and want help from an ombudsman, go to www.oiec.texas.gov or call the **Office of Injured Employee Counsel** at 866-393-6432, ext. 44186.

## Questions?

- Call 800-252-7031, Monday to Friday, 8 a.m. to 5 p.m., Central time.
- Go to www.tdi.texas.gov/wc to learn more about workers' compensation.



EXHIBIT

**D**

tabbies

DR05-LCCH (Rev. 05/2025)

Page 1 of 4

## How to exchange your information with DWC and the other parties:

You are responsible for sending your information securely. What you send to DWC must also be sent to the other parties.

Hearing exhibits should be sent to DWC and the other parties at least **three days** before the hearing.

## Hearing exhibits may be sent to DWC by:

- **Email:** CCH_Exhibits@tdi.texas.gov (Use an underscore between CCH and Exhibits.)

- **Fax:** 512-804-4011
    - Break your documents into separate sections of less than 40 pages each.
    - Fax each section separately with a cover page.
    - Each cover page should include:
        - the DWC claim number; and
        - the number of each section. For example, Section 1 of 3, Section 2 of 3, and so on.

- **Mail:** Texas Department of Insurance, Division of Workers' Compensation
    Hearings, Mail Code HRG
    PO Box 12050
    Austin, TX 78711-2050

- **Secure File Transfer Protocol (SFTP):** An SFTP account is a secure, electronic way to upload your documents.
    - If you want an SFTP account, contact DWC at eFiling-Help@tdi.texas.gov
    - To learn more, go to www.tdi.texas.gov/wc/carrier/efileoptions.html

We sent a copy of this letter to:

Fort Bend County
301 Jackson St
Richmond, TX 77469-3108

MARILYN JO ALLEN
Dean G Pappas Law Firm PLLC
8588 Katy Fwy Ste 100
Houston, TX 77024-1813

Russell L Morris
McBryde Franco PLLC
11000 Richmond Ave Ste 350
Houston, TX 77042-6702

EMMA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

JOSHUA D HEILIGER
5804 SPRING RIVER LANE
FULSHEAR, TX 77441

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hope Furlow on behalf of Mary Markantonis
Bar No. 12986800
hfurlow@dgplawfirm.com
Envelope ID: 103556268
Filing Code Description: Motion
Filing Description: APPELLANT FORT BEND COUNTY'S MOTION TO STAY UNDERLYING PROCEEDINGS
Status as of 7/24/2025 3:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lisa Teachey | 24056416 | lteachey@dgplawfirm.com | 7/24/2025 3:05:45 PM | SENT |
| Laverne Chang | 783819 | chang@cardwellchang.com | 7/24/2025 3:05:45 PM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 7/24/2025 3:05:45 PM | SENT |
| Mary Markantonis | 12986800 | mmarkantonis@dgplawfirm.com | 7/24/2025 3:05:45 PM | SENT |
| Dean Pappas | 15454375 | dpappas@dgplawfirm.com | 7/24/2025 3:05:45 PM | SENT |
| Andrew Bruce | 24113627 | serv.andrew@mf-txlaw.com | 7/24/2025 3:05:45 PM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 7/24/2025 3:05:45 PM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 7/24/2025 3:05:45 PM | SENT |
| Pablo Franco | 24121625 | serv.pablo@mf-txlaw.com | 7/24/2025 3:05:45 PM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 7/24/2025 3:05:45 PM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 7/24/2025 3:05:45 PM | SENT |
| James Z.Brazell | | james.brazell@oag.texas.gov | 7/24/2025 3:05:45 PM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 7/24/2025 3:05:45 PM | SENT |